UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

BARRY FISHER AND KAYE PRICE )
)
    Plaintiffs, )
)
vs. ) CV-97-PT-1632-E AND
) CV-97-PT-1633-E
SDI OF GADSDEN (MEIGHAN) )
PARTNERSHIP, an Oklahoma )
partnership )
)
)
    Defendant.

## MEMORANDUM OPINION

### I. BACKGROUND

Barry Fisher and Kaye Price filed individual lawsuits against SDI of Gadsden (Meighan) Partnership ("SDI") alleging racial discrimination. Both Price and Fisher are black. Fisher is a male. Price is a female. Each was employed by defendant SDI.

### II. PARTIES' CONTENTIONS AND FACTUAL BACKGROUND

**A. Barry Fisher.**

Plaintiff Fisher was employed as a store manager at an SDI-owned Sonic restaurant in Gadsden, Alabama. Fisher was also employed as a trainer. He was transferred to another store and put in charge of the kitchen. Several white females were hired to be managers and assistant managers. Fisher claims that he

overheard Larry Barton, an owner/supervisor/manager say, "there were way too many blacks in the store and the manager needed to get rid of some of them." Norma Smitherman, a black manager, told Fisher that, "I don't give a f--- what ya'll (sic) I'm going to do my job, Larry wants more whites less blacks, that is what we are going to do." Moreover, according to Fisher, Smitherman frequently used the word "Nigger" when referring to black persons. Becky, an assistant manager at his store, on one occasion referred to the plaintiff as a "Black ass." This might not be admissible at a trial if she was not a decision-maker.

Fisher alleges that on April 5, 1996, the company terminated his employment. Defendant cited as a reason his refusal to work on a Sunday. Fisher maintains he was not scheduled to work on that day. He claims he finished his shift on a Saturday and checked the schedule to find that he was not scheduled for the next day. The store contacted him the next day to call him into work. Store personnel informed him that if he did not come in he would be fired. Fisher argues that white employees who did not come in when not scheduled were not fired.

Fisher offers no affidavits, declarations, deposition testimony or any other evidence to support these claims other than the allegations of the complaint and counsel's description.

With regard to Mr. Fisher's claims SDI responds as follows. First, Fisher was an assistant manager to Norma Smitherman at SDI of Meighan. He left to work for Ken Hare at SDI on Hood Avenue, but eventually returned to Meighan. Second, in early 1996, Fisher notified Smitherman that he was resigning and returned his keys to her. He requested not to be placed on the calendar on any further dates. The store contacted Fisher and asked why he had not appeared for work that Sunday afternoon to which he responded that he did not think he had been so scheduled. He told the store that he was unavailable to work that afternoon. The store told him that he need not return to work from that point further. There is no evidence to dispute the fact that Fisher resigned.

SDI contends that at no time have Smitherman or Hare heard Larry Barton, the area manager, say there were too many blacks in the store. At no time had Smitherman been instructed to terminate any individuals because of their race or refuse to hire based on race. Smitherman never heard any manager at Sonic state that there "were way too many blacks in this store." Barton expressly denies saying as much.

SDI argues that Fisher has failed to establish a prima facie case of employment discrimination. It is undisputed that Fisher resigned his employment. There was no adverse employment action

essential to a prima facie case. Nor does Fisher make a constructive discharge claim. He offers no evidence that he was treated differently than any white employees or that he was replaced by a white employee. Fisher offers no evidence, other than counsel's description, to support the claim that Barton stated "there are too many blacks in the store." Finally, SDI suggests that the overwhelming majority of hires in April and May 1996, after Fisher's resignation, were black. SDI need not articulate a legitimate reason for Fisher's "discharge" because there was no discharge. As a result, pretext cannot be established. If, however, one assumes that he was fired, it was certainly a reasonable and legitimate employment action as Fisher refused to appear for his remaining scheduled shifts.

After the court had written the foregoing, it conducted a recorded hearing with the parties. Fisher's attorney acknowledged that his claim is due to be dismissed.

### B. Kaye Price.

Price was employed as a manager at the Rainbow City Sonic Drive Inn. She has been employed at various Sonic drive-ins for twelve years. Due to a death in her family, Price took emergency leave for one week. Upon her return to the store, all of the locks were changed and Barton notified her she was being terminated. Her termination came within two months of Barton

becoming the Area Manager. The reason cited for her dismissal was that she "abandoned her store." During her leave, however, she called the store to make sure things were running smoothly. Price alleges that Larry Barton said there are "way too many blacks in the store." Barton told one employee that Price had quit. She was temporarily replaced by a white male.

SDI contends that Price was fired because she was not a good manager. Throughout her employment, she had attendance problems and rarely put in the 50 hours a week required of managers. On at least three occasions, Ken Hare, manager of the Hood Avenue store, had to go open the Sonic of Meighan store because plaintiff failed to report to work at a scheduled time. SDI initiated a new "Out of Bounds" policy in an effort to contain expenditures. Food costs were above the policy limit of 29% at Price's Meighan store. Price told Barton that she was unwilling to take the actions necessary to comply with the policy parameters. Although Barton reported this unwillingness to Scott Knight, Director of Operations for Alabama, Barton insisted on continuing to work with Price to motivate her reform.

According to Knight, Barton also reported various other of Price's shortcomings. She refused to work the hours needed to get her expenditures under control. She only worked 42 to 45

5

hours per week, insufficient for a manager. Plaintiff was not reporting to work when scheduled, requiring assistant managers and other managers to open for her. Price allegedly threw the applications of white applicants in the trash.

In January, 1996 Price asked for emergency leave due to an imminent death of a close family member. In order to take the leave, Barton instructed her, she had to communicate with the store daily. According to Hare, who covered the store for her, and Barton, she did not contact the store a single time. Barton also testifies that assistant manager Norma Smitherman told him that plaintiff told her that she did not have a sick family member but just wanted a week's vacation.

In February, 1996, one of Price's Daily Sales Reports indicated a discrepancy of $75. Price told Barton there had been a computer error. Upon careful review of all of the day's sales, Barton concluded that no computer error had occurred on that day, the day prior or the following day. Someone had taken the money from the store. Barton notified Knight of the improper sales report Price submitted. Knight felt she had engaged in some improprieties. He told Barton she should be terminated. Knight made the decision to terminate her.

6

Price's replacement was Norma Smitherman, a black female. Smitherman was also allowed to participate as a partner in SDI of Meighan. At no time has Barton made the comment, "there are too many blacks in the store" with a view towards terminating blacks from the Meighan store. Knight never told Barton that too many blacks were employed at that store. Upon learning that Price was throwing white applicants' applications in the trash, Knight reminded Barton that discrimination against whites was just as serious as discrimination against blacks.

SDI argues that plaintiff has failed to establish a prima facie case. The alleged statement about too many blacks, even if made, is not a "most blatant remark whose intent could be nothing other than to discriminate on the basis of race." (The court does not necessarily agree). Therefore, it is not direct evidence of discrimination. Moreover, Barton is not the individual who decided to terminate Price. Scott Knight made the decision to terminate Price. Barton only supplied him with facts about her performance and an alleged indiscretion regarding the cash register. Such a statement, by a non-decision-maker does not constitute direct evidence sufficient to make a prima facie case.

Plaintiff fails to make a circumstantial prima facie case as

7

well. She offers no evidence that others who exhibited the same behavior were treated differently. Second, her temporary replacement might have been white but her permanent replacement was another black female. Hare, the white male, was assigned to train Smitherman while her paperwork for partnership was being completed.

Plaintiff also fails to demonstrate pretext. SDI fired Price because she was unfit to manage a Sonic restaurant. Insufficient hours, unwillingness to bring her store in line with the new policy, unreliable attendance, questionable circumstances surrounding her leave, and a $75 discrepancy combined to warrant her dismissal. Price neither denies these events as having occurred nor does she point to another employee with such a track record who was not also dismissed.

At a recorded hearing conducted after the foregoing was written, Price's attorney acknowledged that Price had not submitted any evidence in support of her contentions.

### III. COURT'S CONCLUSION

In a telephonic conference held at 8:30 AM, Wednesday March 18, 1998, with all parties and a court reporter present, plaintiff Barry Fisher, through counsel, conceded that summary

8

judgment was due the defendant on all of his claims. The court will, therefore, dismiss Fisher's complaint in its entirety with prejudice.

At that the aforementioned conference plaintiff Kaye Price, through counsel, conceded that she had not submitted evidence sufficient to defeat defendant's motion for summary judgment. The court will therefore dismiss any and all of her claims against defendant SDI with prejudice.

DONE and ORDERED this 24th day of March, 1998.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE